UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIAM JACKSON**,

    Petitioner,

v.                                                                        **Case No. 8:20-cv-478-T-33CPT**

**SECRETARY, DEPARTMENT OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

This cause is before the Court on William Jackson's *pro se* petition for writ of habeas corpus, filed under 28 U.S.C. § 2254. (Doc. 1). Respondent opposes the petition as time-barred. (Doc. 6). Jackson did not file a reply. Upon consideration, the petition is **DISMISSED AS TIME-BARRED**.

## PROCEDURAL HISTORY

Jackson was charged with trafficking in phenethylamines (count one), sale or delivery of cocaine (count two), possession of cocaine (count three), and sale of a counterfeit drug (count four). (Doc. 6-2, Ex. 2). Count one was severed from counts two, three, and four. (Doc. 6-2, Ex. 3). Jackson was first convicted of count one, and sentenced to 10 years in prison. (Doc. 6-2, Ex. 5). Jackson was later convicted of counts two, three, and four, and sentenced to five years in prison. (Doc. 6-2, Ex. 11). All sentences were concurrent. The state appellate court *per curiam* affirmed all convictions and sentences. (Doc. 6-2, Exs. 8, 14).

Jackson next filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 6-2, Ex. 16). The state court denied his motion, and the state appellate court *per curiam* affirmed the denial. (Doc. 6-2, Exs. 19, 22). Jackson also filed a petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.141(d), which the state appellate court dismissed as untimely. (Doc. 6-2, Exs. 25, 26). The state appellate court also denied Jackson's subsequently-filed petition for writ of habeas corpus. (Doc. 6-2, Exs. 29, 30).

Jackson also filed a motion seeking to compel trial transcripts and seeking the appointment of *Martinez/Trevino*[1] counsel. (Doc. 6-2, Ex. 31). That motion was dismissed in part and denied in part; Jackson did not appeal. (Doc. 6-2, Ex. 32). Jackson's subsequent motion for a belated direct appeal was denied by the state appellate court. (Doc. 6-2, Exs. 34, 35).

## UNTIMELINESS OF FEDERAL HABEAS PETITION

Under the Antiterrorism and Effective Death Penalty Act, Jackson's habeas petition is subject to a one-year statute of limitations. A habeas petition must be filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]"  28 U.S.C. § 2244(d)(2).

Jackson's petition is untimely under § 2244(d)(1)(A). As addressed, Jackson's charges were severed. The state appellate court *per curiam* affirmed Jackson's conviction

---

[1] *See Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013).

and sentence on count one on February 27, 2013. (Doc. 6-2, Ex. 8). Accordingly, his judgment on count one became final on May 28, 2013, when the 90-day period to petition the Supreme Court for a writ of *certiorari* expired. *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). The state appellate court *per curiam* affirmed Jackson's convictions and sentences on counts two, three, and four on October 4, 2013. (Doc. 6-2, Ex. 14). Therefore, Jackson's judgment for counts two, three, and four became final on January 2, 2014, after 90 days.

Under § 2244(d), Jackson had one year, absent any tolling, to file a federal habeas petition. Jackson did not file any tolling applications in state court prior to the expiration of the limitations period. He did not raise any collateral challenge to the convictions until March 18, 2015, when he constructively filed a Rule 3.850 motion for postconviction relief by providing it to prison officials for mailing. (Doc. 6-2, Ex. 16, p. 1). Neither the Rule 3.850 motion nor any of Jackson's subsequent state court filings can toll or revive the AEDPA limitations period once that period has passed. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))).

Jackson has not replied to Respondent's opposition to his petition as time-barred. Further, he has not argued that the Court can consider his untimely petition based on either equitable tolling, *see Holland v. Florida*, 560 U.S. 631 (2010), or his actual innocence, *see McQuiggin v. Perkins*, 569 U.S. 383 (2013).

3

The Court therefore **ORDERS** that Jackson's petition (Doc. 1) is **DISMISSED AS TIME-BARRED**. The **CLERK** is directed to **CLOSE** this case and to enter judgment against Jackson.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

It is further **ORDERED** that Jackson is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  A COA must first issue.  *Id*. To obtain a COA, Jackson must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because the petition is time-barred, Jackson cannot satisfy the second prong of the *Slack* test.  Since Jackson is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on June 10, 2020.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

William Jackson
Counsel of Record